LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ABEL GIL and
ISMAEL JUAREZ,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

       Plaintiffs,

  v.

ISOHAMA JAPANESE RESTAURANT (NY), INC.
    d/b/a ISOHAMA and
CHOI LAN CHANG,

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

    Plaintiffs, ABEL GIL and ISMAEL JUAREZ, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, ISOHAMA JAPANESE RESTAURANT (NY), INC. d/b/a ISOHAMA and CHOI LAN CHANG (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages, (2) compensation for off-the-clock work, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages, (2) compensation for off-the-clock work, (3) liquidated damages and statutory penalties and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ABEL GIL, is a resident of New York County, New York.

6. Plaintiff, ISMAEL JUAREZ, is a resident of New York County, New York.

7. Upon information and belief, Defendant, ISOHAMA JAPANESE RESTAURANT (NY), INC. d/b/a ISOHAMA, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1666 3rd Avenue, New York, NY 10128.

8. Upon information and belief, Defendant, CHOI LAN CHANG, is the Chairperson or Chief Executive Officer of Defendant, ISOHAMA JAPANESE RESTAURANT (NY), INC.

d/b/a ISOHAMA. Defendant CHOI LAN CHANG exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, Defendant CHOI LAN CHANG exercised power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, Defendant ISOHAMA JAPANESE RESTAURANT (NY), INC. d/b/a ISOHAMA was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

10. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

11. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving and unpaid minimum wage. A subclass of tipped employees have a claim improper tip pooling arrangement in which tipped employees were required to share tips with non-tipped employees in an invalid pooling arrangement mandated by

Defendants. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiff is a member of the subclass of tipped employees.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

14. In or about February 2017, Plaintiff ABEL GIL was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Restaurant located at 1666 3rd Avenue, New York, NY 10028.

15. ABEL GIL worked for Defendants until in or about April 2017.

16. During the employment of Plaintiff ABEL GIL by Defendants, he worked 5 days a week, for 6.33 hours per day. Plaintiff ABEL GIL received his compensation on a fixed salary basis, at a rate of $30 per day. Defendants willfully violated ABEL GIL's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because ABEL GIL is a non-exempt employee who must be paid on an hourly basis.

17. In or about February 2017, Plaintiff ISMAEL JUAREZ was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Restaurant located at 1666 3rd Avenue, New York, NY 10128.

18. ISMAEL JUAREZ worked for Defendants until in or about May 2017.

19. During the employment of Plaintiff ISMAEL JUAREZ by Defendants, he worked 5 days a week, for 6.75 hours per day. Plaintiff ISMAEL JUAREZ improperly received his compensation on a fixed salary basis, at a rate of $35 per day. Defendants willfully violated ISMAEL JUAREZ's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because ISMAEL JUAREZ is a non-exempt employee who must be paid on an hourly basis.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and FLSA Collective Plaintiffs.

21. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

23. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool because management and non-tipped employees participated in the tip pool and (iv) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiffs and other tipped employees to spend more than

2 hours or 20% of their shift on non-tipped activities.

24. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiffs reallege and reaver Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendant ISOHAMA JAPANESE RESTAURANT (NY), INC. d/b/a ISOHAMA had gross revenues in excess of $500,000.

29. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

31. At all relevant time, the Defendants had a policy and practice of time shaving and refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all their compensation earned due to off-the-clock work.

32. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time when Defendants knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

37. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

38. Plaintiffs reallege and reaver Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

40. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

41. Defendants willfully violated Plaintiffs' rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiffs for all their compensation earned due to off-the-clock work.

42. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

43. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

44. Defendants willfully violated Plaintiffs' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

45. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid wages due to off-the-clock work, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d. An award of unpaid wages due to off-the-clock work under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay off the clock work and minimum wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, off the clock work pursuant to the New York Labor Law;

g. An award of statutory penalties, and prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: June 21, 2017

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:   */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)