# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

December 28, 2017

**VIA ECF**
The Honorable J. Paul Oetken, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Gil, et al. v. Isohama Japanese Restaurant (NY), Inc., et al.*
>      Case No. 17-cv-4676

Dear Judge Oetken:

We are counsel to Plaintiffs. We write, jointly with counsel to Defendants to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

### I. Legal Standard

As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

This agreement should be approved because: (i) Plaintiffs are receiving more than 100% of the alleged backwages, (ii) the Settlement Agreement does not contain any confidentiality provision; (iii) the release is narrowly tailored to wage and hour claims; and (iv) attorneys' fees are 1/3 of the settlement amount. The $15,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation, and should be approved.

### II. Settlement Between Plaintiffs and Defendants is Objectively Fair, Adequate and Reasonable

*Plaintiffs' Range of Possible Recovery*

The Plaintiffs each worked for Defendants' "Isohama" restaurant for short periods of time. Plaintiff Abel Gil worked for Defendants "for approximately three months from February 2017 until April 2017. He alleges that he worked approximately 31.67 hours per week and was

paid $30 per day. Plaintiff Ismael Juarez worked approximately four months from February 2017 until May 2017. He alleges that he worked approximately 33.75 hours per week and was paid $35 per day.  Attached hereto as **Exhibit B** are Plaintiffs' best-case scenario damage calculations. Even assuming all of the facts alleged by Plaintiff are correct, they are each receiving an amount greater than their alleged backwages.

Pursuant to the terms of the Settlement Agreement, each Plaintiff is to receive $5,000. Plaintiff Abel Gil, whose calculated backwages equal $2,577.30, and whose total damages equal $4,527.30 including liquidated damages and statutory penalties, is receiving not only 100% of his backwages, but also 100% of liquidated damages and statutory penalties. Plaintiff Gil's settlement payment is in fact more than the maximum amount that he could possibly recover in the case, including back wages, liquidated damages and statutory penalties. Since the attached damage calculations are a best-case scenario, Plaintiff could not possibly recover a greater amount if he were to go forward to trial in this case. In fact, Plaintiff would run the risk of recovering less if he were to continue to litigate the matter. Similarly, Plaintiff Ismael Juarez, whose backwages equal $3,333.49, and whose total damages equal $5,883.49, is also receiving 100% of his backwages owed and almost the entirety of the alleged liquidated damages and statutory penalties. Plaintiff Juarez would similarly run the risk of receiving an amount smaller than is being allocated to him in the settlement if he were to continue to trial and were unable to establish any of his alleged facts.  Moreover, Plaintiffs were delivery workers, and if Defendants prevailed in demonstrating that they satisfied the requirement for the tip credit deduction, Plaintiffs' calculations would be significantly reduced, if not entirely eliminated, and Plaintiffs would receive smaller amounts that they are receiving now through the settlement.

### *The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

There is no logical reason for Plaintiffs to continue with this litigation, as Plaintiff Gil cannot possibly recover a greater amount than he is receiving through the settlement and Plaintiff Juarez could only possibly recover a minimally larger amount. The burdens and expenses of trial are entirely unnecessary and would only increase the Plaintiff's legal fees, without increasing the amount due to Plaintiffs. In fact, continuing the litigation and proceeding to trial would be highly risky to Plaintiffs as they would likely receive a smaller amount than what is allocated to them in the settlement.

### *The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion*

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive 100% recovery of backwages, plus a significant portion of liquidated damages and statutory penalties, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

Furthermore, Defendants may have a strong argument regarding good faith which if successful would prohibit Plaintiffs from any liquidated damages. This, again, would reduce the amounts that could be awarded to Plaintiffs and Plaintiffs would receive amounts smaller than they are being paid through the settlement.

### III. The Attorneys' Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $15,000 settlement amount, $5,000 is allocated to attorneys' fees and costs. The $5,000 in legal fees equals 1/3 of the settlement amount, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees and costs of $5,000 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing discovery requests, engaging in discovery, preparing a submission for the initial conference, preparing for and attending an initial pretrial conference, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, the parties respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.